UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES,<br><br>        Plaintiff,<br><br>v.<br><br>ISIAH D. DICUS-SULZMAN,<br><br>        Defendant. | Case No. B:24-mj-90083-BGS-1 |

## MEMORANDUM AND ORDER DENYING MOTION TO DISMISS

This matter comes before the Court on Defendant Isiah Dicus-Sulzman's motion to dismiss information under the Speedy Trial Act. *See* Doc. 33. Defendant argues that the criminal charge against him should be dismissed with prejudice on the grounds that the government has failed to promptly bring him to trial in violation of the Speedy Trial Act, 18 U.S.C. § 3161. The government objects.

### I. Background

On August 26, 2024, Defendant was charged in a one-count information. Count one, as set forth in the one-count information, is as follows:

> On or about May 28, 2024, at Fort Riley, Kansas, a federal military installation within the exclusive jurisdiction of the United States, in the District of Kansas, ISIAH D. DICUS SULZMAN did forcibly assault, resist, oppose, impede, intimidate, or interfere with a person designated as an officer or employee of the United States or of any agency in any branch of the United States Government (including any member of the Uniformed Services) while such officer or employee is engaged in or on account of the performance of official duties, in violation of Title 18, United States Code, Section 111(a)(1). (Assaulting, Resisting, or Impeding Certain Officers or Employees) (Class A Misdemeanor)

Doc. 1. He made his initial appearance and consented to proceed before a United States Magistrate Judge on April 17, 2025. *See* Docs. 15, 17. A status conference was scheduled for May 8, 2025. On

1

May 5, 2025, Defendant filed an unopposed motion to continue the status conference because "Mr. Dicus-Sulzman is currently in custody at the Butler County Jail and cannot attend the hearing." Doc. 21, ¶ 4. The Court granted an ends-of-justice continuance with written findings under 18 U.S.C. § 3161(h)(7). Doc. 22. In that order, the Court found that the "ends of justice" would be served by granting a continuance of the status conference to June 26, 2025. *Id.*

At the June 26 status conference, which is explained in more detail in footnote 4, the government and defense counsel jointly requested that the next status conference be set for August 19, 2025, via Zoom because the Defendant was still in custody at the Butler County jail in an unrelated matter. Doc. 24. The Court did not make any findings under § 3161(h)(7). When it came time for the August 19 status conference, Defendant appeared via Zoom from the Butler County jail. Defendant requested that the case be set for jury trial. Doc. 25. During that hearing, defense counsel also raised a potential concern regarding speedy trial. He informed the Court he needed to review his excludable time calculations. Contemporaneously with the discussions about the trial setting, the Court found that the "ends of justice" would be served by continuing the case for jury trial purposes. These findings were later memorialized in a written order setting the trial. *See* Doc. 26.

Following the August 19 conference, the Court provided potential trial dates to the parties. Via email communication to the Court, Defendant requested October 2, 2025, as the trial date, subject to resolution of potential speedy trial issues. On August 22, 2025, the Court entered a pretrial order setting the trial date and memorializing the ends-of-justice findings under § 3161(h)(7) that were made at the August 19 status conference.[1] *See* Doc. 26. *Id.* at 2.

On September 4, 2025, the Defendant filed a motion to dismiss the information arguing that

---

[1] The order mistakenly refers to the status conference as occurring on August 18, 2025. Doc. 26, at 2. The status conference actually occurred on August 19, 2025. Doc. 25.

his speedy trial clock has exceeded the statutory 70-day limit.  Specifically, Defendant argued that 71 countable days have passed in violation of the Speedy Trial Act, 18 U.S.C. § 3161.  In making that calculation, Defendant counted April 18 to May 5 (17 days) and June 26 to August 19 (54 days)[2] as nonexcludable time, which brings the total to 71 days.  The government filed a response opposing the motion.  It argued that the 54-day period running from June 26 to August 19 was automatically tolled because the Defendant's presence for trial could not be obtained by due diligence pursuant to 18 U.S.C. § 3161(h)(3)(B).

The Court conducted its own trial-clock calculations accounting for time excludable under the Speedy Trial Act.  *See* 18 U.S.C. § 3161(h) (providing non-exhaustive list of excludable events).  During the September 22, 2025, status conference, the Court advised the parties that the Court's calculation reveals that only 70 nonexcludable days have elapsed since Defendant consented to proceed before a United States Magistrate Judge.  To allow time for the parties to reevaluate whether there was still a speedy trial issue, the Court ordered supplemental briefing.  Doc. 40.  The government filed its supplemental brief on September 24, 2025, agreeing that the Court's calculation was correct and that only 70-days of nonexcludable time has passed.  Defendant filed a supplemental brief now arguing that 72-days of nonexcludable time have passed[3].  The Court has reviewed all the briefing and is prepared to rule.

II.    Analysis

---

[2] The Court notes that Defendant's Motion to Dismiss fails to specify which days it believes are countable within the 54-day count between June 26 and August 19.  In its supplemental brief, Defendant argues that June 26 is excludable; however, August 19 is nonexcludable, thereby counting the 54 days between June 27 and August 19 as nonexcludable.  As explained in the analysis, the Court concludes that August 19 is excludable, resulting in a total of 70 total nonexcludable days.

[3] The Court notes that Defendant's position has changed during the briefing process.  In his original motion to dismiss, he argues that 17 days of nonexcludable time passed and did not count May 5.  *See* Doc. 33, at 3.  But in his supplemental brief, he now argues that 18 nonexcludable days passed, and that May 5 should be counted for speedy trial purposes.  *See* Doc. 44, at 2.

The Speedy Trial Act, 18 U.S.C. § 3161 et seq., is designed to protect a criminal defendant's constitutional right to a speedy trial. *United States v. Apperson,* 441 F.3d 1162, 1177 (10th Cir.2006). *See also United States v. Tsosie,* 966 F.2d 1357, 1361 (10th Cir.1992) ("[T]he intent of the Act [is] to balance protection of the accused against society's interest in efficient criminal process."). It "requires that a criminal defendant's trial commence within seventy days after his indictment or initial appearance, whichever is later. Certain periods of delay, outlined in detail in the STA, are excluded and do not count toward the seventy-day limit." *See id.* at 1178 (citing 18 U.S.C. § 3161(c)(1), (h)(1)-(9)). Further, "If a defendant consents in writing to be tried before a magistrate judge . . . the trial shall commence within seventy days from the date of such consent." 18 U.S.C. § 3161(c)(1). If a defendant is not brought to trial within the seventy-day deadline, which is subject to statutory exclusions, "dismissal of the [information] is mandatory." *United States v. Abdush–Shakur,* 465 F.3d 458, 462 (10th Cir.2006) (quoting *United States v. Doran,* 882 F.2d 1511, 1517 (10th Cir.1989)). "The '[information] shall be dismissed on motion of the defendant." *Abdush–Shakur,* 465 F.3d at 462 (quoting *United States v. Vaughn,* 370 F.3d 1049, 1055 (10th Cir.2004)).

### 1. Starting the Speedy Trial Clock

Computation of the 70-day limit under the Speedy Trial Act generally begins when a defendant is indicted or when the defendant first appears before the court, whichever occurs earlier. 18 U.S.C. § 3161(c)(1). However, "[i]f a defendant consents in writing to be tried before a magistrate judge on a complaint, the trial shall commence within seventy days from the date of such consent." *Id.* In this case, the Defendant made his initial appearance and consented to proceed before a United States Magistrate Judge on April 17, 2025. *See* Docs. 15, 17. In determining which day begins the "count," the day of the event from which the designated period of time begins to run shall not be included. Fed. R. Crim. P. 45(a)(1)(A). Because the day of the triggering event is not counted, the Court begins its computation of Defendant's 70-day trial clock with April 18, 2025, as

4

day one.  Both parties agree with the April 18 starting point.

    **2. April 18, 2025 to May 5, 2025**

This is the first bracket of time at issue between the parties.  The government argues that only 17 days of nonexcludable time passed, while the Defendant argues in its supplemental brief that 18 nonexcludable days passed.  Specifically, the parties disagree on whether May 5 should be counted as excludable time.

On May 5, 2025, the Defendant filed a motion to continue the May 8, 2025, status conference and the Court granted the same.  *See* Docs. 21 and 22.  Defendant argues that May 5 should be counted as nonexcludable time because, under Fed. R. Crim. P. 45, the last day of the period is counted.  Rule 45 establishes rules to compute any time period unless a rule, court order, or statute specify otherwise.  *See* Fed. R. Crim. P. 45(a).  Here, the Speedy Trial Act specifies otherwise and overrides Rule 45's general timing issues.  *See* 18 U.S.C. § 3161(h); *see also United States v. Daychild*, 357 F.3d 1082, 1092-93 (9th Cir. 2004) (noting that 18 U.S.C. § 3161(h) controls which days are counted when the Speedy Trial Act clock is stopped and not Rule 45).

Under the Speedy Trial Act, any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" shall be excluded in computed speedy trial time.  18 U.S.C. § 3161(h)(1)(D).  Since the Court was acting on Defendant's pretrial motion to continue, May 5 is excludable time under the Speedy Trial Act.  Further, the Court made ends-of-justice written findings under 18 U.S.C. § 3161(h)(7) when it granted the continuance.  Doc. 22, at 2.  The order excluded time until the next status conference which was set for June 26, 2025.  Therefore, 17 days are thus far counted against the speedy trial clock.

    **3. May 6, 2025 to June 26, 2025**

The parties agree that none of the days between May 6 and June 26 produced any

nonexcludable time. Accordingly, as of June 26, 2025, a total of 17 days remain counted against the speedy trial clock.

### 4. June 27, 2025[4] to August 19, 2025

This is the last period of time at issue. Defendant argues that nonexcludable speedy trial time restarted on June 27, 2025, and ran through August 19, 2025, for a total of 54 nonexcludable days, which when added with 18 nonexcludable days, results in a total of 72 days. The Government argues that the clock stops on August 18, 2025, for a total of 53 days of nonexcludable time.

At the August 19 status conference, the Defendant requested that the case be set for jury trial. Doc. 25. A motion to set a trial date, oral or otherwise, tolls the speedy trial clock under 18 U.S.C. § 3161(h)(1)(D). *See United States v. Green*, 508 F.3d 195, 200 (5th Cir. 2007); *see also, e.g.*, *United States v. Gonzalez-Rodriguez*, 621 F.3d 354, 368 (5th Cir. 2010) (indicating that oral motions trigger the excludable delay periods contemplated by § 3161(h)(1)(D)).

Here, Defendant moved for a trial date to be set, and the Court granted the request and entered a pretrial scheduling order. *See* Docs. 25, 26. The pretrial scheduling order set a trial date of October 2, 2025. In the August 19, 2025, status conference, the Court made ends-of-justice findings under 18 U.S.C. § 3161(h)(7) which excluded time through the trial setting. These findings were memorialized in the pretrial order. Doc. 26, at 2. Thus, the time from August 19 through October 2 is therefore excluded under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7).

---

[4] At the June 26, 2025, status conference, Defendant failed to appear. The Government updated the Court on the status and Defendant's non-appearance and requested that Defendant be permitted to appear by Zoom for a future status conference. Defense counsel did not object stating, "the show must go on and Zoom makes sense." Doc. 36, at 3. The Court offered July 14 at 10:00 a.m. for a Zoom status conference; however, defense counsel stated he was not available. The Court then set the Zoom status conference for August 19, 2025. The Court did not make any ends of justice findings under 18 USC § 3161(h)(7). In its response, the Government argues that the period of time that transpired between the June 26, 2025, and August 19, 2025 status conference is tolled under 18 U.S.C. §3161(h)(3)(B) because the Defendant was "unavailable" for the June 26, 2025 conference. Since the Court concludes only 70-days have elapsed for purposes of speedy trial, the Court does not find it necessary to reach this issue.

Consequently, only 53 days lapsed between when the time restarted on June 27, 2025, through August 18, 2025. Thus, meaning that the total non-excludable time at issue totals 70 days (17 days plus 53 days). Since only 70 speedy trial days have elapsed, as opposed to the 72 days argued by defense counsel, Defendant's constitutional right to a speedy trial has not been violated. *See* 18 U.S.C. § 3161(c)(1), (h)(1)-(9).

**IT IS THEREFORE ORDERED** that Defendant Isiah Dicus-Sulzman's motion to dismiss (Doc. 33) is **DENIED**.

**IT IS SO ORDERED.**

Dated September 30, 2025, at Wichita, Kansas.

/s/ BROOKS SEVERSON
Brooks G. Severson
United States Magistrate Judge